IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| STEPHEN KINGSTON and TED KINGSTON,<br><br>Plaintiffs,<br><br>v.<br><br>MARY ANN NELSON, et al.,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER<br><br>Case No. 2:04-cv-00156-DB-PMW<br><br><br>District Judge Dee Benson<br><br>Magistrate Judge Paul M. Warner |

This case was referred to Magistrate Judge Paul M. Warner by District Judge Dee Benson pursuant to 28 U.S.C. § 636(b)(1)(A).[1] Before the court is Mary Ann Nelson, et al.'s (collectively, "Defendants") motion to allow additional time for discovery.[2] Defendants' motion seeks to extend the discovery deadline in this case by an additional forty-five (45) days. Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motion on the basis of the written memoranda. *See* DUCivR 7-1(f).

"Whether to extend or reopen discovery is committed to the sound discretion of the trial court and its decision will not be overturned on appeal absent abuse of that discretion." *Smith v.*

---

[1] *See* docket no. 109.

[2] *See* docket no. 118.

*United States*, 834 F.2d 166, 169 (10th Cir. 1987). The court should consider several factors in determining whether discovery should be extended, including:

> 1) whether trial is imminent, 2) whether the request is opposed, 3) whether the non-moving party would be prejudiced, 4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, 5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and 6) the likelihood that the discovery will lead to relevant evidence.

*Id*.

The court now turns to considering the above-referenced factors as they relate to Defendants' instant motion. First, because a trial date has not yet been scheduled in this case, trial is not imminent. Second and third, while it is true that Defendants' request is opposed, the court is not persuaded that Stephen Kingston and Ted Kingston (collectively, "Plaintiffs") will be unduly prejudiced by an extension of discovery. Fourth, notwithstanding Plaintiffs' allegation that Defendants have not been diligent in obtaining discovery, the court is willing to assume and accept that Defendants acted in good faith when they enumerated their reasons for failing to obtain discovery during the court's previous extension of the discovery deadline. Further, Defendants' instant request is not for an unusually large extension. Fifth, foreseeability is not a relevant factor because Defendants are not seeking to conduct additional discovery; instead, they are seeking to complete discovery that was commenced prior to the expiration of the discovery deadline. Sixth and finally, the court is convinced that the discovery is likely to lead to relevant evidence.

For these reasons, the court concludes that extending the discovery deadline is appropriate in this instance.  Accordingly, Defendants' motion is **GRANTED**.  The fact discovery deadline in this case is hereby extended to **April 14, 2008**.

In light of that extension, and pursuant to Judge Benson's August 1, 2007 order,[3] the court sets the following briefing schedule for Plaintiffs' motion for partial summary judgment.[4] Plaintiffs will be entitled to file a new supporting memorandum, which shall be filed within thirty (30) days after expiration of the new fact discovery deadline.  Defendants' memorandum in opposition shall be filed within thirty (30) days after the date Plaintiffs' supporting memorandum is filed.  Plaintiffs' optional reply memorandum shall be filed within ten (10) days after the date Defendants' opposition memorandum is filed.

**IT IS SO ORDERED**.

DATED this 28th day of February, 2008.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge

---

[3] *See* docket no. 108.

[4] *See* docket no. 74.