### IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

### CENTRAL DIVISION

| | |
|---|---|
| **STEPHEN KINGSTON and TED KINGSTON,** | **MEMORANDUM DECISION AND ORDER** |
| **Plaintiffs,** | **Case No. 2:04-cv-00156-DB-PMW** |
| **v.** | |
| **MARY ANN NELSON, et al.,** | **District Judge Dee Benson** |
| **Defendants.** | **Magistrate Judge Paul M. Warner** |

This matter was referred to Magistrate Judge Paul M. Warner by District Judge Dee Benson pursuant to 28 U.S.C. § 636(b)(1)(A).[1]  Before the court are:  (1) Carl E. Kingston's ("Carl") motion for a protective order and an award of attorney fees;[2] and (2) Mary Ann Nelson ("Mary Ann"), et al.'s (collectively, "Defendants") motion to compel, which includes both a request for an award of attorney fees and expenses and a request to extend the time to respond to Stephen Kingston and Ted Kingston's ("Ted") (collectively, "Plaintiffs") pending motion for summary judgment.[3]  Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda.  *See* DUCivR 7-1(f).

---

[1]  *See* docket no. 109.

[2]  *See* docket no. 127.

[3]  *See* docket no. 129.

The two motions before the court are essentially cross-motions concerning the April 8, 2008 deposition of Carl, who is in this case both a nonparty witness and an attorney of record representing Plaintiffs.  According to the transcript,[4] that deposition lasted only fourteen minutes.  While Defendants' counsel was pursuing a line of questioning concerning Carl's family, Carl refused to answer a particular question, telling Defendants' counsel that the question went beyond the scope of permissible discovery.  Carl's counsel, who is also an attorney of record representing Plaintiffs in this case, then read into the record a portion of this court's October 11, 2007 memorandum decision and order.[5]  In a portion of that order, this court granted a motion to compel previously brought by Defendants concerning the deposition of Ted.  In the relevant portion of the order, this court stated:

> Pursuant to rule 30, Ted's counsel had two options, neither of which was exercised.  First, they could have lodged objections to Defendants' counsel's questions for the record, but Ted would still have been required to answer the questions, with his testimony being taken subject to the objections. . . . Second, if Ted's counsel believed that Defendants' counsel was conducting the deposition in bad faith or in a way that unreasonably annoyed, embarrassed, or oppressed Ted, they could have stopped the deposition and sought a protective order under rule 26(c) of the Federal Rules of Civil Procedure.[6]

---

[4] *See* docket no. 128, Exhibit 2.

[5] *See* docket no. 114.

[6] *Id*.

Carl's counsel then stated that the court's order was "perhaps a restrictive outline of [the available] options."[7]  Carl's counsel went on to indicate that this court's order did not provide Carl "with the option of lodging the objection, refusing to answer, and going on with the deposition."[8]  Carl's counsel then stated that "due to the language of this order, I don't feel that we have any choice at this point but to stop the deposition and seek a protective order."[9]

In his motion before the court, Carl argues that this court should issue a protective order under rule 26(c) against having to disclose the name of the father of two children of Carl's sister, Carolyn Kingston, who is deceased.  Carl argues that such a protective order is necessary because Defendants' counsel's questions during Carl's deposition were not reasonably calculated to lead to the discovery of admissible evidence, *see* Fed. R. Civ. P. 26(b)(1), and were intended to unreasonably annoy, embarrass, or oppress Carl.  *See* Fed. R. Civ. P. 30(d)(3)(A).  As part of his motion, Carl also requests an award of attorney fees.

In their motion before the court, Defendants request that the court deny Carl's motion for a protective order and order Carl to appear for a deposition and answer all questions subject to proper objections.  Defendants further request that the court order Carl to answer questions related to the following areas:  "(1) his family (which is the family of Stephen Kingston)[;] (2) his financial affairs[;] (3) his involvement in the organization known as the Order or Co-op[;] (4)

---

[7]  Docket no. 128, Exhibit 2.

[8]  *Id*.

[9]  *Id*.

his knowledge of practices alleged in Mary Ann's complaint including sexual abuse, incest, and polygamy[;] (5) his knowledge of people in the Order[;] and ([6]) his knowledge of the goals, purposes, practices, procedures, beliefs, and customs of the people in the Order / Co-op."[10] Defendants also request an award of attorney fees and expenses, as well as an extension of the time to respond to Plaintiffs' pending motion for summary judgment.

## I.  Carl's Deposition

With respect to Carl's motion, the court concludes that his arguments are without merit. The court sees nothing about Defendants' counsel's questions during Carl's deposition that could be construed as unreasonably annoying, embarrassing, or oppressive to Carl.  *See* Fed. R. Civ. P. 30(d)(3)(A).  Further, the court concludes that they are relevant to the claims alleged in this case. *See* Fed. R. Civ. P. 26(b)(1).  Accordingly, Carl's motion for a protective order is **DENIED**.

Contrary to its view of Carl's motion, the court finds overwhelming merit in the arguments presented in Defendants' motion to compel.  By taking unreasonable positions with respect to both the dispute over Ted's deposition covered in this court's October 11, 2007 memorandum decision and order[11] and the instant dispute over Carl's deposition, Plaintiffs and their counsel, including Carl, have demonstrated to the court their intention to hinder the discovery process in this case.  Accordingly, Defendants' motion to compel is **GRANTED**.  Carl

---

[10]  Docket no. 130.

[11]  *See* docket no. 114.

is ordered to appear for a deposition, as noticed by Defendants, and to answer all questions subject to proper objections.  *See* Fed. R. Civ. P. 30(c)(2).

In addition, the court has determined that the topics identified by Defendants are relevant to the claims alleged in this case.  *See* Fed. R. Civ. P. 26(b)(1).  Accordingly, and given the unreasonable obstacles presented by Carl and his counsel in allowing Defendants to conduct any sort of meaningful deposition, **IT IS HEREBY ORDERED** that Carl is specifically ordered to answer any and all questions related to the following areas:  "(1) his family (which is the family of Stephen Kingston)[;] (2) his financial affairs[;] (3) his involvement in the organization known as the Order or Co-op[;] (4) his knowledge of practices alleged in Mary Ann's complaint including sexual abuse, incest, and polygamy[;] (5) his knowledge of people in the Order[;] and ([6]) his knowledge of the goals, purposes, practices, procedures, beliefs, and customs of the people in the Order / Co-op."[12]  *See id.* ("For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.").

## II.  Attorney Fees and Expenses

Carl requests an award of attorney fees incurred in bringing his motion for a protective order.  *See* Fed. R. Civ. P. 30(d)(3)(C), 37(a)(5).  Because the court has denied that motion, Carl's request for such an award is also **DENIED**.

Defendants request an award of attorney fees and expenses in connection with Carl's April 8, 2008 deposition and their motion to compel.  *See* Fed. R. Civ. P. 30(d)(2), (d)(3)(C),

---

[12]  Docket no. 130.

37(a)(5).  Just as Plaintiffs did with respect to the dispute over Ted's deposition, Carl asserts,

incredibly, that Defendants' counsel failed to satisfy his obligation to make a good faith,

reasonable effort to confer or attempt to confer with Carl or his counsel with respect to the

dispute over Carl's deposition prior to filing their motion to compel.  *See* Fed. R. Civ. P.

37(a)(1); DUCivR 37-1(a).  That argument is wholly without merit.  Given the unreasonable

position taken by Carl and his counsel, as well as their decision to walk out of Carl's deposition,

the court is unaware of anything more that Defendants' counsel could have done to fulfill his

obligation to confer with Carl and his counsel concerning the dispute.  Accordingly, the court has

determined that Defendants' counsel did satisfy his obligations under rule 37 and civil rule 37-1.

*See* Fed. R. Civ. P. 37(a)(1); DUCivR 37-1(a).

Because the court has granted Defendants' motion to compel, Defendants are entitled to

an award of reasonable expenses, including attorney fees, in connection with that motion.  *See*

Fed. R. Civ. P. 37(a)(5)(A) (providing that if the court grants a motion to compel, it "must"

award "reasonable expenses incurred in making the motion, including attorney[] fees," against

"the party or deponent whose conduct necessitated the motion, the party or attorney advising that

conduct, or both," unless one of three enumerated exceptions applies).  In addition, because the

court denied Carl's motion for a protective order, Defendants are entitled to an award of

reasonable expenses, including attorney fees, in connection with their opposition to Carl's

6

motion.[13]  *See* Fed. R. Civ. P. 30(d)(3)(c) (providing that rule 37(a)(5) applies to an award of

expenses for a rule 30(d)(3) motion), 37(a)(5)(B) (providing that if the court denies the motion, it

"must" award "reasonable expenses incurred in opposing the motion, including attorney[] fees,"

against "the movant, the attorney filing the motion, or both," unless one of two exceptions

applies).  None of the exceptions applies in this case.  The court has already concluded that

Defendants' counsel satisfied his obligations under rule 37 and civil rule 37-1.  *See* Fed. R. Civ.

P. 37(a)(1), 37(a)(5)(A)(i); DUCivR 37-1(a).  In addition, based on the court's analysis of Carl's

position, the court has determined that said position was not and is not "substantially justified."

Fed. R. Civ. P. 37(a)(5)(A)(ii), (a)(5)(B).  Finally, there are not any circumstances in this case

that would make an award of attorney fees and expenses unjust.  *See* Fed. R. Civ. P.

37(a)(5)(A)(iii), (a)(5)(B).  Accordingly, Carl shall pay Defendants' reasonable expenses,

including attorney fees, incurred in connection with their motion to compel, *see* Fed. R. Civ. P.

37(a)(5)(A), and in connection with their opposition to Carl's motion for a protective order.  *See*

Fed. R. Civ. P. 30(d)(3)(c), 37(a)(5)(B).

The court has also determined that Carl's and his counsel's conduct during Carl's April 8,

2008 deposition justifies an award of sanctions in connection with that deposition, pursuant to

rule 30.  *See* Fed. R. Civ. P. 30(d)(2) ("The court may impose an appropriate sanction—including

---

[13]  The court notes that Defendants' motion to compel was the only filing in opposition to Carl's motion for a protective order.  Accordingly, the reasonable expenses and attorney fees incurred by Defendants in connection with their motion to compel and in connection with their opposition to Carl's motion for a protective order may be one and the same.  The court recognizes, however, that Defendants may have incurred additional attorney fees and expenses in opposing Carl's motion beyond their motion to compel.

the reasonable expenses and attorney[] fees incurred by any party—on a person who impedes, delays, or frustrates the fair examination of the deponent.").  Accordingly, Carl shall also pay Defendants' reasonable expenses and attorney fees incurred in connection with Carl's April 8, 2008 deposition.  *See id*.

Based on the foregoing, Defendants' request for an award of reasonable expenses and attorney fees is **GRANTED**.  In order to obtain their award, Defendants shall submit to the court within ten (10) days of the date of this order an affidavit and cost memorandum detailing the reasonable expenses and attorney fees incurred (1) in bringing their motion to compel, (2) in opposing Carl's motion for a protective order, and (3) in connection with Carl's April 8, 2008 deposition.  After receipt of that affidavit and cost memorandum, and provided that the stated expenses, costs, and fees are reasonable, the court will enter an order finalizing the award.

### III.  Defendants' Response to Plaintiffs' Motion for Summary Judgment

In light of the unreasonable obstacles they have faced in completing discovery, Defendants request that the deadline for their response to Plaintiffs' pending motion for summary judgment be extended by 120 days from the date they are permitted to complete a satisfactory deposition of Carl.  The court has determined that Defendants' request is both reasonable and appropriate under the circumstances.  Accordingly, Defendants' request is **GRANTED**.

\* \* \* \* \*

As a final matter, it is not lost on the court that this is the second incident in this case in which Plaintiffs' counsel has exhibited unreasonable and unprofessional conduct, as well as a disregard for the rules of procedure and professionalism.  If faced with another such occurrence,

the court will take any necessary action to curb such conduct, including possible sanctions and/or referral to the appropriate authorities for possible disciplinary action.

In summary, **IT IS HEREBY ORDERED:**

1.      Carl's motion for a protective order[14] is **DENIED**.

2.      Defendants' motion to compel[15] is **GRANTED**.

3.      Carl shall appear for a deposition, as noticed by Defendants, and answer all questions subject to proper objections.  In addition, Carl shall answer any and all questions related to the following areas:  "(1) his family (which is the family of Stephen Kingston)[;] (2) his financial affairs[;] (3) his involvement in the organization known as the Order or Co-op[;] (4) his knowledge of practices alleged in Mary Ann's complaint including sexual abuse, incest, and polygamy[;] (5) his knowledge of people in the Order[;] and ([6]) his knowledge of the goals, purposes, practices, procedures, beliefs, and customs of the people in the Order / Co-op."[16]

4.      Carl's request for an award of attorney fees is **DENIED**.

5.      Defendants' request for an award of expenses and attorney fees is **GRANTED**, as detailed above.

6.      Defendants request for additional time in which to respond to Plaintiffs' pending motion for summary judgment is **GRANTED**.  Defendants shall file their response to Plaintiffs'

---

[14]   *See* docket no. 127.

[15]   *See* docket no. 129.

[16]   Docket no. 130.

pending motion for summary judgment within 120 days from the date they are permitted to complete a satisfactory deposition of Carl.

**IT IS SO ORDERED**.

DATED this 1st day of August, 2008.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge