FILED
U.S. DISTRICT COURT
2008 SEP 15  A 9: 55
DISTRICT OF UTAH
BY:_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH - CENTRAL DIVISION

| | |
|---|---|
| STEPHEN KINGSTON and TED KINGSTON,<br><br>Plaintiffs,<br><br>vs.<br><br>MARY ANN NELSON, et al.,<br><br>Defendants. | **ORDER**<br><br>Judge Dee Benson<br><br>Case No.: 2:04-CV-156 |

Before the Court is Carl E. Kingston's objection to the magistrate judge's August 1, 2008 Memorandum Decision and Order granting Defendants' motion to compel and for sanctions and for additional time to respond to Plaintiffs' motion for partial summary judgment, and denying Carl E. Kingston's third-party motion for protective order.  Dkt. No. 134.

**Background**

Carl E. Kingston is both a nonparty witness in this case and an attorney of record representing Plaintiffs.  On April 8, 2008, Defendants' attorney John Morris attempted to depose Mr. Kingston as a nonparty witness.  This deposition was cut short, however, when after only fourteen minutes of questioning, Mr. Kingston and his attorney accused Mr. Morris of asking questions that were beyond the scope of permissible discovery.  Carl E. Kingston Deposition Transcript, Dkt. No. 128, Exhibit 2, at 9-11.  After asking Mr. Kingston several questions about his siblings, their spouses and their children, Mr. Morris asked:

    Q.    Your sister Carolyn, who's deceased, does she have children?
    A.    Yes.
    ....

> Q. Do you know who the father of those children is?
> A. I do.
> Q. Who is that?
> A. That I think is going beyond the scope of your discovery. Permissible discovery.
> Q. Are you refusing to answer that question?
> A. I will, and will seek a protective order if you insist on an answer or a protective order.

*Id.* at 8-9.

Mr. Kingston and his attorney explained that based on an earlier order of the court and Rule 30 of the Federal Rules of Civil Procedure, when asked a question that goes beyond the permissible scope of discovery, they are faced with only two options: (1) answer the question after lodging an objection; or (2) terminate the deposition and seek a protective order. *Id.* at 9-11. Because Mr. Kingston did not want to answer the question, he and his counsel chose the latter option and informed Mr. Morris that the deposition was over. *Id.* at 11.

On May 5, 2008, Mr. Kingston filed a motion for protective order against having to disclose the name of the father of the children of Carolyn Kingston. Dkt. No. 127. Defendants responded by filing a motion to compel Mr. Kingston's appearance at another deposition to answer questions related to the following areas: "(1) his family (which is the family of Stephen Kingston)[;] (2) his financial affairs[;] (3) his involvement in the organization known as the Order or Co-op[;] (4) his knowledge of practices alleged in Mary Ann's complaint including sexual abuse, incest, and polygamy[;] (5) his knowledge of people in the Order[;] and ([6]) his knowledge of the goals, purposes, practices, procedures, beliefs, and customs of the people in the Order / Co-op." Defendants' Memo in Support of Motion to Compel, Dkt. No. 130, at 3. Defendants also sought sanctions to be imposed on Mr. Kingston and additional time to respond to Plaintiffs' motion for partial summary judgment. Defendants' Motion to Compel and for Sanctions and to Extend the Time to Respond to Plaintiffs' Motion for Summary Judgment, Dkt.

No. 129.

These motions were referred to the magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(A). After reviewing the motions, the magistrate judge denied Plaintiffs' motion for protective order and granted Defendants' motion to compel and for sanctions. The magistrate judge also granted Defendants additional time to respond to Plaintiffs' original motion for summary judgment until 120 days after they were able to complete the deposition of Mr. Kingston. Memorandum Decision and Order, Dkt. No. 134, at 8.

Mr. Kingston objects to the order of the magistrate judge and now seeks a review of that decision by the court. Objection to Memorandum Decision and Order, Dkt. No. 137. Although Mr. Kingston has requested oral argument in this matter, the court finds that such argument will not aid or benefit the court in reaching a decision. Accordingly, the court will rule on Mr. Kingston's objection from the written memoranda. *See* DUCivR 7-1(f).

## Legal Standard

When reviewing nondispositive orders of a magistrate judge, a district judge should set aside only those orders found to be clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). The Court must affirm the magistrate judge's order unless the entire evidence leaves it "with the definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

## Analysis

Rule 30 of the Federal Rules of Civil Procedure explains that any objection during a deposition "must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection.... A person may instruct a deponent not to answer only when

3

necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. P. 30(c)(2). Rule 30(d)(3) provides that a deposition may be terminated when it is "being conducted in bad faith or in a manner that unreasonably annoys, embarrasses, or oppresses the deponent." Fed. R. Civ. P. 30(d)(3)(A).

Mr. Kingston does not contend that in terminating the deposition he was attempting to preserve a privilege or enforce a limitation ordered by the court. Rather, he argues that the deposition was properly terminated under Rule 30(d)(3) because the questions being asked about his family were irrelevant and were thus being pursued "in bad faith or in a way that unreasonably annoyed, embarrassed, or oppressed him." Third Party Memo in Support, Dkt. No. 128, at 12.

Mr. Kingston's argument founders on several grounds. First and foremost, the questions regarding Mr. Kingston's family are relevant to the present case. "'Relevant Evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Plaintiffs have sued Defendants for libel and slander for statements made to the press that Plaintiffs were complicit – either through aiding and abetting or through failing to act – in the sexual and physical abuse of Defendant Nelson by David Kingston. This alleged abuse included incest and polygamy. Defendants' defense to this lawsuit is truth. In other words, Defendants must show that Plaintiffs were aware of the abuse being inflicted on Nelson by David Kingston. Therefore, the relationship of Plaintiffs with David Kingston and other Order members is relevant to show such knowledge. It is not guilt by association, as Plaintiffs contend, it is relevant evidence, which may be rebutted, that has the tendency to make the existence of such knowledge more or less probable. *See* Fed. R. Evid. 401.

Second, whether evidence is relevant is not grounds to terminate a deposition. Mr. Kingston's counsel was free to lodge an objection to the question, but under Rule 30(c)(2) Mr. Kingston was still required to answer.

Finally, having found that the questions being asked are relevant to the case, it strains logic to contend that they were being asked in bad faith or in an effort to embarrass Mr. Kingston. They were background questions intended to establish the relationships of the Kingston family and other members of the Order. The Court finds nothing about them that could be construed as unreasonably annoying, embarrassing, or oppressive to Mr. Kingston. Fed. R. Civ. P. 30(d)(3)(A). Accordingly, the magistrate judge's order denying Mr. Kingston's motion for protective order is neither clearly erroneous nor contrary to law. Fed. R. Civ. P. 72(a).

The court does find bad faith, however, on the part of Mr. Kingston and his attorney for the manner in which they unreasonably terminated the deposition. Although in general terms, Mr. Kingston's attorney accurately stated the requirements of Rule 30, *see* Carl E. Kingston Deposition Transcript, Dkt. No. 128, Exhibit 2, at 10, his application of the rule was absurd and illogical. By refusing to answer a simple relevant background question, and then using that question as a basis to terminate the deposition, Mr. Kingston and his attorney have demonstrated their intent to hinder discovery. The court finds, therefore, that the magistrate judge properly granted Defendants' motion to compel and for sanctions and for additional time to respond to Plaintiffs' motion for partial summary judgment.

## Conclusion

For the foregoing reasons, Mr. Kingston's objection is DENIED. The magistrate judge's Order denying Mr. Kingston's motion for protective order, and granting Defendants' motion to compel and for sanctions and for additional time to respond to Plaintiffs' motion for partial

summary judgment stands.

    IT IS SO ORDERED.

    DATED this 13th day of September, 2008.

                                              Dee Benson
                                              United States District Judge