# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| STEPHEN KINGSTON and TED KINGSTON, | ORDER |
| Plaintiffs, | Case No. 2:04-cv-00156-DB-PMW |
| v. | |
| MARY ANN NELSON, et al., | **District Judge Dee Benson** |
| Defendants. | **Magistrate Judge Paul M. Warner** |

This case was referred to Magistrate Judge Paul M. Warner by District Judge Dee Benson pursuant to 28 U.S.C. § 636(b)(1)(A).[1]

In a memorandum decision and order issued on August 1, 2008 (the "August 1 Order"),[2] this court denied a motion for protective order brought by Carl E. Kingston ("Carl"), who is both a nonparty witness and an attorney of record representing Stephen Kingston and Ted Kingston (collectively, "Plaintiffs") in this case, and granted a motion to compel brought by Mary Ann Nelson, et al. (collectively, "Defendants"). In addition to ruling on those two motions, this court determined that Defendants were entitled to an award of reasonable expenses, including attorney fees, against Carl in connection with the motions, pursuant to rules 30 and 37 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 30(d)(3)(c), 37(a)(5)(A)–(B). Accordingly, this

---

[1] *See* docket no. 109.

[2] *See* docket no. 134.

court ordered Carl to pay Defendants' reasonable expenses, including attorney fees, incurred in connection with the two motions referenced above. *See* Fed. R. Civ. P. 30(d)(3)(c), 37(a)(5)(A)–(B).

This court also determined that Defendants were entitled to an award of sanctions against Carl in connection with Carl's and his counsel's conduct during Carl's April 8, 2008 deposition, pursuant to rule 30. *See* Fed. R. Civ. P. 30(d)(2). Accordingly, the court ordered Carl to also pay Defendants' reasonable expenses, including attorney fees, incurred in connection with Carl's April 8, 2008 deposition. *See id*.

On August 11, 2008, Carl filed objections to and a motion to strike or revise the August 1 Order.[3] Pursuant to rule 72(a) of the Federal Rules of Civil Procedure, Carl's objections and motion were directed to and considered by Judge Benson. *See* Fed. R. Civ. P. 72(a).

On September 8, 2008, Carl filed a motion for a temporary stay of the August 1 Order pending Judge Benson's resolution of his objections and motion.[4] That motion was directed to and considered by this court. *See* DUCivR 72-3(b). On September 10, 2008, this court granted Carl's motion and stayed the August 1 Order pending Judge Benson's resolution of Carl's objections and motion.[5]

---

[3] *See* docket no. 137.

[4] *See* docket no. 142.

[5] *See* docket no. 145.

On September 13, 2008, Judge Benson entered an order overruling Carl's objections and denying his motion to strike or revise the August 1 Order.[6] Consequently, the August 1 Order stands, and the court now turns to the issue of the amount of the award of reasonable expenses and sanctions against Carl.

In the August 1 Order, this court ordered Defendants to submit within ten (10) days an affidavit and cost memorandum detailing the reasonable expenses, including attorney fees, incurred (1) in bringing their motion to compel, (2) in opposing Carl's motion for a protective order, and (3) in connection with Carl's April 8, 2008 deposition. On August 18, 2008, Defendants' counsel filed an affidavit and cost memorandum (the "First Affidavit"),[7] thereby complying with the August 1 Order in a timely fashion. *See* Fed. R. Civ. P. 6(a)(2), (d). The court has reviewed the First Affidavit and determined that the requested attorney fees of $1892.00 and costs of $134.50 are reasonable.

In addition, on September 26, 2008, Defendants' counsel filed a supplemental affidavit and cost memorandum (the "Supplemental Affidavit"),[8] setting forth the expenses and attorney fees incurred in responding to Carl's objections to and motion to strike or revise the August 1 Order. While the August 1 Order obviously could not have addressed an award of reasonable

---

[6] *See* docket no. 146.

[7] *See* docket no. 139.

[8] *See* docket no. 148.

expenses or sanctions in connection with any objections to it, the court has determined that Defendants are entitled to such an award.

In the August 1 Order, this court made clear its belief that Carl and his counsel had engaged in unreasonable and unprofessional conduct, as well as a disregard for the rules of procedure and professionalism. This court also indicated that Plaintiffs' counsel, including Carl, had engaged in a pattern of the same type of conduct. In considering Carl's objections and motion to strike or revise the August 1 Order, Judge Benson made similar findings. Indeed, Judge Benson indicated that Carl's position "strain[ed] logic" and that Carl's counsel had applied rule 30 in an "absurd and illogical" manner.[9] Judge Benson further indicated that Carl and his counsel had acted in "bad faith" and "demonstrated their intent to hinder discovery."[10] For these reasons, the court has determined that Defendants are also entitled to an award of reasonable expenses, including attorney fees, against Carl in connection with responding to Carl's objections to and motion to strike the August 1 Order. *See, e.g.*, 28 U.S.C. § 1927 ("Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."); *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 258-59 (1975) (noting court's inherent power to assess attorney fees when a party has "acted in bad

---

[9] Docket no. 146 at 5.

[10] *Id*.

faith, vexatiously, wantonly, or for oppressive reasons" (quotations and citations omitted)); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991) (same).  To that end, the court has reviewed the Supplemental Affidavit and determined that the additional requested attorney fees of $1050.00 are reasonable.

Based on the foregoing, **IT IS HEREBY ORDERED**:

1. Within thirty (30) days of the date of this order, Carl shall pay a total of $3076.50 ($2942.00 in attorney fees and $134.50 in costs) to Defendants for the awards of reasonable expenses made in the August 1 Order and in the instant order.

2. Carl shall file proof of that payment with the court.

3. Failure to make payment or file proof of payment in accordance with this order may subject Carl to further sanctions.

**IT IS SO ORDERED**.

DATED this 1st day of October, 2008.

BY THE COURT:

PAUL M. WARNER
United States Magistrate Judge